1   **WO**                                                                            JDN

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

9   Jorge Escalante,                          )   No. CV 05-1421-PHX-NVW (DKD)
                                              )
10              Plaintiff,                    )   **ORDER**
                                              )
11  vs.                                       )
                                              )
12  Joe Arpaio,                               )
                                              )
13              Defendant.                    )
                                              )
14  _____  )

15          This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by an inmate confined

16  in the Maricopa County Durango Jail in Phoenix, Arizona.  The Court will dismiss the action

17  with leave to amend.

18  **A.      Application to Proceed In Forma Pauperis & Filing Fee.**

19          Plaintiff's request to proceed *in forma pauperis* will be granted.  Pursuant to 28 U.S.C.

20  § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action.

21  An initial partial filing fee of $3.35 will be assessed by this Order.  28 U.S.C. § 1915(b)(1).

22  By separate order, the Court will direct the appropriate agency to collect the initial partial

23  filing fee from Plaintiff's trust account and forward it to the Clerk of Court.  Thereafter,

24  Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's

25  income credited to Plaintiff's trust account.  These payments will be forwarded by the

26  appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds

27  $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

28

**JDDL-K**

1
2
3
4
5

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

6

**B.     Statutory Screening of Prisoner Complaints.**

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely."  Id. at 1129.  A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

25

**C.     Complaint.**

26
27
28

Plaintiff sues Sheriff Joe Arpaio.  In Count I, he alleges that on March 10, 2005 he was stabbed twice in the chest by another inmate who was placed in his cell.  Plaintiff contends that detention officers ignored warnings of the other inmate's strange behavior prior

- 2 -

1 to the stabbing incident.  In Count II, Plaintiff asserts that the jail is severely overcrowded

2 and the food is improperly handled and spoiled.  And in Count III, Plaintiff alleges that the

3 living conditions are unsanitary.  For relief, Plaintiff requests that the conditions be

4 alleviated, a previous court decision be enforced, and he be awarded monetary damages.

5 **D.      Improper Defendant.**

6      Plaintiff names Sheriff Joe Arpaio as the sole Defendant.  To state a § 1983 claim, a

7 plaintiff must allege that he suffered specific injury as a result of the specific conduct of a

8 defendant, and show an affirmative link between the injury and that conduct.  Rizzo v.

9 Goode, 423 U.S. 362, 371-72, 377 (1976).  Plaintiff has not connected his claims to the

10 Defendant.

11      In addition, Arpaio may not be liable individually simply because he supervises

12 persons who may have violated Plaintiff's constitutional rights.  There is no *respondeat*

13 *superior* liability under § 1983.  Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Taylor

14 v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A supervisor is only liable for constitutional

15 violations of his subordinates if the supervisor participated in or directed the violations, or

16 knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.  "A

17 plaintiff must allege facts, not simply conclusions, that show that an individual was

18 personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d

19 1193, 1194 (9th Cir. 1998).  There are no allegations to meet this standard.

20      Regarding Arpaio in his official capacity, a suit against him officially is equivalent

21 to a suit brought against the governmental entity.  See Will v. Michigan Dep't of State Police,

22 491 U.S. 58, 71  (1989).   In this case, the governmental entity is Maricopa County.  A

23 county is the liable entity under § 1983 when its policy, practice or custom causes

24 constitutional injury.  See Monell, 436 U.S. at 694.  In that instance, the county's liability is

25 based on the actions of its policymakers, such as a sheriff.  See Cortez v. County of Los

26 Angeles, 294 F.3d 1186, 1188-92 (9th Cir. 2001) (finding that sheriff acted on behalf of

27 county, subjecting county to § 1983 liability).  A sheriff could be sued in his official capacity

28 for a policy, practice, or custom he put into place on behalf of the county that caused the

1   constitutional injury.  There are no allegations to support liability against Arpaio in his

2   official capacity.  In light of the foregoing, there are no named Defendants who may be liable

3   for Plaintiff's claims.

4          If the evidence justifies it, Plaintiff may name persons in their individual capacities.

5   If he does so, he must write short, plain statements telling the court: (1) the constitutional

6   right Plaintiff believes was violated; (2) the name of the person who violated the right; (3)

7   exactly what that individual did or failed to do; (4) how the action or inaction of that person

8   is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury

9   Plaintiff suffered because of that person's conduct.  Rizzo, 423 U.S. at 371-72, 377.  Plaintiff

10  must repeat this process for each person he names as a Defendant.  If Plaintiff fails to do this

11  for any person named as a Defendant, the court will dismiss that Defendant from this action.

12  **E.      Failure to State a Claim.**

13         Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CV 77-0479-PHX-EHC

14  (D. Ariz.), claiming that the conditions of his confinement violate that decision.  Jurisdiction

15  to enforce the judgment is retained by the court which entered it.  Jeff D. v. Kempthorne, 365

16  F.3d 844, 853 (9th Cir. 2004).  A civil rights action is not the proper means by which to

17  enforce the decree.  Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v.

18  Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir.

19  1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986).  Standing alone,

20  remedial orders cannot serve as a substantive basis for a § 1983 claim for damages because

21  such orders do not create "rights, privileges, or immunities secured by the Constitution and

22  laws."  Green, 788 F.3d at 1123-24.  Remedial decrees are the means by which

23  unconstitutional conditions are corrected but they do not create or enlarge constitutional

24  rights.  Id. at 1123.  To the extent Plaintiff seeks to enforce Hart v. Hill, his claim is not

25  properly brought in this action.  Instead, his allegations must separately state a violation of

26  a constitutional right.  Plaintiff's amendment, if he chooses to file one, should not rely on

27  Hart v. Hill as the basis for his claim.

28

JDDL-K                                                        - 4 -

1    **F.    <u>Leave to Amend.</u>**

2        For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

3    a claim upon which relief may be granted.  Plaintiff may amend his Complaint to cure the

4    deficiencies outlined above.  The Clerk of Court will be directed to provide Plaintiff with a

5    Court-approved form for filing a civil rights complaint.  Plaintiff is advised that the amended

6    complaint must be retyped or rewritten in its entirety on the court-approved form and may

7    not incorporate any part of the original Complaint by reference.  Any amended complaint

8    submitted by Plaintiff should be clearly designated as such on the face of the document.

9        Plaintiff is also reminded that in an Amended Complaint, he may only include one

10   claim per count.  The "one claim per count" rule is set forth in the form Complaint and

11   accompanying instructions, and is a requirement imposed by the local rules of this Court.

12   <u>See</u> LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the

13   form).

14       An amended complaint supersedes the original complaint.  <u>Ferdik v. Bonzelet</u>, 963

15   F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,

16   1546 (9th Cir. 1990).  After amendment, the original pleading is treated as nonexistent.

17   <u>Ferdik</u>, 963 F.2d at 1262.  Thus, causes of action alleged in an original complaint which are

18   not alleged in an amended complaint are waived.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.

19   1987).

20   **G.    <u>Address Changes.</u>**

21       In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he

22   must file a notice of change of address if his address changes.  Plaintiff is again reminded

23   that at all times during the pendency of this action, Plaintiff shall immediately advise the

24   Court of any change of address and its effective date.  Such notice shall be captioned

25   "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of

26   Change of Address on all opposing parties.  The notice shall contain only information

27   pertaining to the change of address and its effective date, and shall not include a motion for

28   other relief.  Failure to timely file a notice of change of address may result in the dismissal

1   of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil

2   Procedure.

3   **H.      Warning of Possible Dismissal.**

4          Plaintiff should take note that if he fails to timely comply with every provision of this

5   Order, this action will be dismissed without further notice.  See Ferdik, 963 F.2d at 1260-

6   61(district court may dismiss action for failure to comply with any order of the Court).

7   Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff

8   fails to file an amended complaint correcting the deficiencies identified in this Order, the

9   dismissal of this action will count as a "strike" under the "three strikes" provision of the

10  Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

11  **IT IS THEREFORE ORDERED that:**

12         (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28

13  U.S.C. § 1915(a)(1).

14         (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

15  Plaintiff is assessed an initial partial filing fee of $3.35.  All fees shall be collected and paid

16  in accordance with this Court's Order to the appropriate government agency filed

17  concurrently herewith.

18         (3)  The Complaint is **dismissed** for failure to state a claim.  Plaintiff shall have **30**

19  **days** from the date this Order is filed to file an Amended Complaint in compliance with this

20  Order.

21         (4)  The Clerk of Court shall enter a judgment of dismissal of this action with

22  prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint

23  within thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall

24  make an entry on the docket in this matter indicating that the dismissal of this action falls

25  within the purview of 28 U.S.C. § 1915(g).

26         (5)  Aside from the two copies of the complaint or amended complaint that must be

27  submitted pursuant to Rule 3.5(a) of the Local Rules of Civil Procedure, a clear, legible copy

28  of every pleading or other document filed shall accompany each original pleading or other

JDDL-K                                              - 6 -

1   document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the

2   case is assigned.  <u>See</u> LRCiv 5.4.  Failure to comply with this requirement may result in the

3   pleading or document being stricken without further notice to Plaintiff.

4          (6)  The Clerk of Court shall provide to Plaintiff a current court-approved form for

5   filing a civil rights complaint by a prisoner.

6          DATED this 25th day of October, 2005.

7

8

9   _____

10                 Neil V. Wake
                United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JDDL-K**                                              - 7 -